IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| KIARA MOORE, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 3:22-cv-00965 |
| | ) |
| MOUNT ZION BAPTIST CHURCH, | ) Chief Judge Waverly D. Crenshaw, Jr |
| | ) Magistrate Judge Jeffery S. Frensley |
| Defendant. | ) |

## DEFENDANT'S ANSWER AND AFFIRMATIVE DEFENSES

Defendant Mount Zion Baptist Church, ("Mount Zion" or "Defendant") Answers Plaintiff's Complaint and states as follows:

### PRELIMINARY STATEMENT

1. Defendant admits that Plaintiff purports to bring claims under the Family Medical Leave Act, the Fair Labor Standards Act, the Equal Pay Act, and for breach of contract, or, in the alternative, unjust enrichment, but denies that Plaintiff is entitled to any damages or relief under any of the aforementioned theories, and denies that it has engaged in any wrongdoing under those or any other statutes or theories.

2. Defendant admits that Plaintiff purports to seek damages against it, but denies that it has engaged in any wrongdoing that would entitle Plaintiff to relief against it.

### JURISDICTION

3. Defendant admits jurisdiction is proper in this Court, but denies it has engaged in any conduct that would give rise to a cause of action in this or any other Court.

## VENUE

4. Defendant admits venue is proper in this Court, but denies it has engaged in any conduct that would give rise to a cause of action in this or any other Court.

## ADMINISTRATIVE HISTORY

5. Defendant admits that Plaintiff purports to have filed charges of discrimination with the Equal Employment Opportunity Commission, but denies that it has engaged in any of the conduct alleged therein. Defendant explicitly denies it has engaged in any retaliatory conduct toward Plaintiff as a result of her charges.

## PARTIES & COVERAGE

6. Defendant lacks knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 6 of the Complaint and therefore denies the same.

7. The allegations contained in Paragraph 7 of the Complaint are a conclusion of law to which no response is required.

8. Admitted.

9. Defendant admits that it employs more than fifty (50) employees at its location. The remaining allegations contained in Paragraph 9 of the Complaint are a conclusion of law to which no response is required.

## FACTUAL ALLEGATIONS

10. Defendant lacks knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 10 of the Complaint and therefore denies the same.

11. Admitted.

12. Denied.

13. Defendant lacks knowledge or information sufficient to form a belief as to the

allegations contained in Paragraph 13 of the Complaint and therefore denies the same.

14. Defendant lacks knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 14 of the Complaint and therefore denies the same.

15. Defendant lacks knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 15 of the Complaint and therefore denies the same.

16. Denied.

17. Defendant lacks knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 17 of the Complaint and therefore denies the same.

18. Denied.

19. Denied.

20. Admitted that Defendant was closed between December 18, 2020 and January 4, 2021 in observance of the holiday season.

21. Defendant admits that on or about January 12, 2021, it notified Plaintiff that her full time roll was being reduced to a part time position, for business reasons, and that her pay and benefits eligibility would reduce accordingly. Defendant explicitly denies that this was an "Adverse Employment Action."

22. Denied.

## COUNT ONE

23. Defendant incorporates its responses to Paragraphs 1 – 22 as if they were pled herein.

24. The allegations contained in Paragraph 24 of the Complaint are a conclusion of law to which no response is required.

25. Admitted that Plaintiff was a full-time employee of Defendant from 2016 through

3

January 31, 2021 and worked in excess of 1,250 hours in the 12-month period preceding December 2020.

26. The allegations contained in Paragraph 26 of the Complaint are a conclusion of law to which no response is required.

27. Denied.

28. Denied.

29. Denied.

30. Denied.

31. Denied.

32. Denied.

## COUNT TWO

33. Defendant incorporates its responses to Paragraphs 1 – 32 as if they were pled herein.

34. The first sentence of the allegations contained in Paragraph 34 are a conclusion of law to which no response is required. The remaining allegations in Paragraph 34 are denied.

35. The allegations contained in Paragraph 35 of the Complaint are a conclusion of law to which no response is required.

36. Admitted that Defendant had the ability to hire and fire, supervise work schedules and conditions of employment, and determine the rates and method of payment with respect to Plaintiff. The last sentence of Paragraph 36 is a conclusion of law to which no response is required.

37. Denied.

38. Denied.

39. Admitted.

40. The allegations contained in Paragraph 40 are a statement of law to which no response is required.

41. Denied.

42. Denied.

43. Denied.

44. Denied.

45. Denied.

46. Denied.

## COUNT THREE

47. Defendant incorporates is responses to Paragraphs 1 – 46 as if they were pled herein.

48. The allegations contained in Paragraph 48 are a statement of law to which no response is required.

49. Denied.

50. Denied.

51. Denied.

## COUNT FOUR

52. Defendant incorporates its responses to Paragraphs 1 – 51 as if they were pled herein.

53. Denied.

54. Denied.

55. Denied.

56. Denied.

57. Denied.

58. Denied.

## COUNT FIVE

59. Defendant incorporates its responses to Paragraphs 1 – 58 as if they were pled herein.

60. Denied.

61. Denied.

62. Denied.

63. Denied.

64. Denied.

65. Any allegation not specifically or expressly admitted herein is now denied.

66. Defendant denies that Plaintiff is entitled to any of the relief prayed for her in Complaint.

## AFFIRMATIVE AND OTHER DEFENSES

1. The Complaint, in whole or in part, fails to state a claim upon which relief can be granted.

2. The Complaint, in whole or in part, is barred by the applicable statute of limitations.

3. To the extent that Plaintiff's claims are barred in whole or in part by the doctrines of unclean hands and/or waiver, Plaintiff is barred from pursuing such claims.

4. Plaintiff is estopped by her own acts, conduct, or omissions from asserting some or all of her claims.

5. To the extent any intentional acts occurred, the occurrence of which Defendant denies, those acts occurred wholly and entirely outside the scope or course of the actor's employment with Defendant, were not authorized or sanctioned by Defendant, and

6

Defendant, therefore, is not liable to Plaintiff for such acts.

6. Defendant asserts the affirmative defenses of res judicata, collateral estoppel, judicial estoppel, and a waiver as the defenses may be developed during the course of this litigation.

7. Even assuming that Defendant's actions concerning Plaintiff's employment were partially influenced by some unlawful motive, though they were not, Defendant nonetheless would have taken the same employment actions with respect to Plaintiff even in the absence of such unlawful motive.

8. All of Defendant's actions with respect to Plaintiff and here employment were taken in good faith and without malice or reckless indifference to Plaintiff's rights or the law, thereby precluding any and all claims for liquidated damages. Plaintiff is also not entitled to recover liquidated damages because she has failed to plead fact sufficient to support any bad faith allegation, and such damages are either not recoverable or are limited in amount.

9. Plaintiff was not improperly denied any available leave.

10. Defendant did not interfere with Plaintiff's right to take any available leave.

11. Defendant's decisions concerning Plaintiff's employment were based on legitimate non-discriminatory business reasons.

12. Assuming, *arguendo*, any unlawful acts occurred, though they did not, Defendant is not liable for liquidated damages, if any, because any unlawful employment decisions were contrary to their good faith efforts to comply with the law.

13. Although Defendant denies Plaintiff is entitled to any relief, Plaintiff has failed to take reasonable steps to minimize or mitigate her alleged damages and may not recover any damages she could have avoided. To the extent Plaintiff has mitigated her alleged damages, she may not recover for any alleged damages he has mitigated.

7

Case 3:22-cv-00965   Document 12   Filed 02/03/23   Page 7 of 10 PageID #: 40

14. Throughout Plaintiff's employment, Defendant has made a good faith effort through its adoption of anti-discrimination policies, and education of its personnel, to comply with employment discrimination and equal pay laws.

15. No enforceable contract for services existed between the parties.

16. Plaintiff has failed to produce or plead an enforceable contract between the parties.

17. At all times relevant, Plaintiff was and is an at-will employee of Defendant.

18. Defendant is not engaged in interstate commerce.

19. Defendant is not an employer within the meaning of the FLSA.

20. Plaintiff's position with Defendant was properly classified as exempt.

21. Plaintiff was properly paid for all wages earned at all times during her employment with Defendant.

22. Although Defendant generally and specifically denies it owes any amount to Plaintiff, if it should be determined that any amounts are owed, at all times good-faith disputes existed as to whether any such amounts were owed.

23. Defendant at all times acted in good faith and in conformity with and in reliance on written administrative regulations, orders, rulings, approvals, and/or interpretations of the Administrator of the Wage and Hour Division of the Department of Labor of the United States and/or other government agencies, and/or the administrative practices of enforcement policies of other government agencies.

24. Plaintiff has failed to state a claim for liquidated and/or punitive damages.

25. Plaintiff is precluding from recovering any amounts from Defendant where Defendant has paid all sums legally due under the FLSA.

26. Plaintiff, by her own actions or omissions has waived and/or is otherwise estopped from

asserting the claims against Defendant because, among other reasons, she was properly paid for all hours worked, did not request payment for unpaid wages, until this lawsuit, and she further ratified or failed to mitigate any damages associated with the nonpayment of wages, by confirming the accuracy of any sums received.

## RESERVATION OF RIGHTS

Defendant reserves the right to modify and supplement its defenses and to plead additional defenses to Plaintiff's claims based upon such facts and circumstances as become known to it subsequent to the date hereof.

WHEREFORE, having fully answered the Complaint, Defendant respectfully requests that the Complaint be dismissed with prejudice, that it be awarded costs, including attorneys' fees, in the amount and manner permitted by applicable law, along with such other and further relief as the Court may deem just and proper.

s/ *Paige M. Lyle*
Mark E. Stamelos (TN 021021)
Paige M. Lyle (TN 032959)
FORDHARRISON LLP
150 Third Ave South, Suite 2010
Nashville, Tennessee 37201
Telephone: (615) 574-6700
Facsimile: (615) 574-6701
mstamelos@fordharrison.com
plyle@fordharrison.com

*Counsel for Defendant*

**CERTIFICATE OF SERVICE**

I hereby certify that a copy of the foregoing has been served via the Court's CM/ECF system this the 3rd day of February 2023, upon:

Christopher C. Sabis
Sherrard Roe Voigt & Harbison, PLC
150 Third Avenue South
Suite 1100
Nashville, TN 37201
(615) 736-2143
Fax: (615) 736-5323
csabis@srvhlaw.com

William D. Harris II
Harris Legal Advisors LLC
605 N. High Street
Suite 146
Columbus, OH 43215
(614) 504-3350
will@harrislegaladvisors.com

*Counsel for Plaintiff*

s/ *Paige M. Lyle*

WSACTIVELLP:13771901.1