IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| KIARA MOORE, | ) |
| Plaintiff, | ) |
| v. | ) Case No. 3:22-cv-00965 |
| MOUNT ZION BAPTIST CHURCH, *et al.* | ) Chief Judge Waverly D. Crenshaw, Jr |
| | ) Magistrate Judge Jeffery S. Frensley |
| Defendants. | ) |

**ANSWER AND AFFIRMATIVE DEFENSES OF DEFENDANT MOUNT ZION BAPTIST CHURCH TO PLAINTIFF'S FIRST AMENDED COMPLAINT**

Defendant Mount Zion Baptist Church[1], ("Mount Zion" or "Defendant") Answers Plaintiff's Amended Complaint and states as follows:

**PRELIMINARY STATEMENT**

1. Defendant admits that Plaintiff purports to bring claims under the Americans with Disabilities Act, Family Medical Leave Act, the Fair Labor Standards Act, the Equal Pay Act, and for breach of contract, or, in the alternative, unjust enrichment, but denies that Plaintiff is entitled to any damages or relief under any of the aforementioned theories, and denies that it has engaged in any wrongdoing under those or any other statutes or theories.

2. Defendant admits that Plaintiff purports to seek damages against it, but denies that it has engaged in any wrongdoing that would entitle Plaintiff to relief against it.

**JURISDICTION**

3. Defendant admits jurisdiction is proper in this Court, but denies it has engaged in

---

[1] This Answer is not filed on behalf of the individually named Defendants. Those Defendants have waived service and their Responsive Pleading is due on or before July 24, 2023.

any conduct that would give rise to a cause of action in this or any other Court.

## VENUE

4. Defendant admits venue is proper in this Court, but denies it has engaged in any conduct that would give rise to a cause of action in this or any other Court.

## ADMINISTRATIVE HISTORY

5. Defendant admits that Plaintiff purports to have filed charges of discrimination with the Equal Employment Opportunity Commission, but denies that it has engaged in any of the conduct alleged therein. Defendant explicitly denies it has engaged in any retaliatory conduct toward Plaintiff as a result of her charges.

## PARTIES & COVERAGE

6. Defendant lacks knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 6 of the Amended Complaint and therefore denies the same.

7. The allegations contained in Paragraph 7 of the Amended Complaint are a conclusion of law to which no response is required.

8. Admitted.

9. Defendant admits that it employs more than fifty (50) employees at its location. The remaining allegations contained in Paragraph 9 of the Amended Complaint are a conclusion of law to which no response is required.

10. Admitted that Bishop Walker is a leader of Mount Zion and serves as its Bishop. The remainder of the allegations in this paragraph are not applicable to this Defendant. The article cited in the footnote to this Paragraph speaks for itself.

11. The allegations contained in Paragraph 11 are a conclusion of law to which no response is required.

12. Admitted that Dr. Walker is married to Bishop Walker and is known as the First Lady of Mount Zion Baptist Church. The article cited in the footnote of this Paragraph speaks for itself.

13. The allegations contained in Paragraph 13 are conclusions of law to which no response is required.

**FACTUAL ALLEGATIONS**

14. Defendant lacks knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 14 of the Amended Complaint and therefore denies the same.

15. Admitted.

16. Defendant lacks knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 16 of the Amended Complaint and therefore denies the same.

17. Defendant admits that the cited URL contains the quoted information. Defendant states the link speaks for itself.

18. Denied.

19. Defendant lacks knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 19 of the Amended Complaint and therefore denies the same.

20. Defendant lacks knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 20 of the Amended Complaint and therefore denies the same.

21. Defendant lacks knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 21 of the Amended Complaint and therefore denies the same.

22. Defendant lacks knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 22 of the Amended Complaint and therefore denies the same.

23. Denied.

24. Denied.

25. Denied.

26. Denied.

27. Defendant lacks knowledge or information sufficient to from a belief as to the allegations in Paragraph 27 of the Amended Complaint and therefore denies the same.

28. Defendant lacks knowledge or information sufficient to form a belief as to the allegations in Paragraph 28 of the Amended Complaint and therefore denies the same.

29. Defendant lacks knowledge or information sufficient to form a belief as to the allegations in paragraph 29 of the Amended Complaint and therefore denies the same.

30. Defendant lacks knowledge or information sufficient to form a belief as to the allegations in Paragraph 30 of the Amended Complaint and therefore denies the same.

31. Defendant lacks knowledge and information sufficient to from a belief as to the allegations in Paragraph 31 of the Amended Complaint and therefore denies the same.

32. Denied.

33. Denied.

34. Defendant states that the cited material speaks for itself.

35. Defendant states that the cited material speaks for itself.

36. Defendant lacks knowledge and information sufficient to form a belief as to the allegations in Paragraph 36 of the Amended Complaint and therefore denies the same.

37. Defendant lacks knowledge and information sufficient to form a belief as to the allegations in Paragraph 37 of the Amended Complaint and therefore denies the same.

38. Defendant lacks knowledge and information sufficient to form a belief as to the allegations in Paragraph 38 of the Amended Complaint and therefore denies the same.

39. Defendant lacks knowledge and information sufficient to form a belief as to the allegations in Paragraph 39 of the Amended Complaint and therefore denies the same.

40. Denied.

41. Admitted that Defendant was closed between December 18, 2020 and January 4, 2021 in observance of the holiday season.

42. Defendant admits that on or about January 12, 2021, it notified Plaintiff that her full time roll was being reduced to a part time position, for business reasons, and that her pay and benefits eligibility would reduce accordingly. Defendant explicitly denies that this was an "Adverse Employment Action."

43. Admitted that Defendant received Paycheck Protection Program funds from the United States Government.

44. Denied that Mr. Washington informed Plaintiff she was being reduced to part-time because of "budget cuts." Admitted that Mr. Washington signed Plaintiff's part-time offer letter. All other allegation not expressly admitted are denied.

45. Admitted.

46. Defendant lacks knowledge and information sufficient to form a belief as to the allegations quoted in Paragraph 46 and therefore denies the same. Defendant denies that Bishop Walker has the exclusive or final say on personnel matters.

47. Admitted that Defendant hired other employees within the Church as well as a contract employee in the Health and Wellness Department. Defendant lacks knowledge and information sufficient to admit or deny the allegations related to Dr. Walker's statements and therefore denies the same.

48. Denied.

49. Denied.

50. Denied.

51. Defendant lacks knowledge an information sufficient to form a belief as to the allegations in Paragraph 51 and therefore denies the same.

52. Defendant lacks knowledge and information sufficient to form a belief as to the allegations in Paragraph 52 and therefore denies the same.

53. Denied.

54. Denied.

55. Denied.

56. Denied.

## COUNT ONE

57. Defendant incorporates its responses to Paragraphs 1 – 56 as if they were pled herein.

58. Denied.

59. Defendant lacks knowledge and information sufficient to form a belief as to the allegations in Paragraph 59 of the Amended Complaint and therefore denies the same.

60. Denied.

61. Denied.

62. Denied.

63. Denied.

64. Denied.

65. Denied.

66. Denied.

6

67. Denied.

## COUNT TWO

68. Defendant incorporates its responses to Paragraphs 1 – 67 as if they were pled herein.

69. Denied.

70. Admitted.

71. Denied.

72. Denied.

73. Denied.

74. Denied.

75. Denied.

76. Denied.

77. Denied.

## COUNT THREE

78. Defendant incorporates its responses to Paragraphs 1 – 77 as if they were pled herein.

79. The allegations contained in Paragraph 79 of the Amended Complaint are a conclusion of law to which no response is required.

80. Admitted that Plaintiff was a full-time employee of Defendant from 2016 through January 31, 2021 and worked in excess of 1,250 hours in the 12-month period preceding December 2020. The remainder of the allegations in this Paragraph are denied.

81. The allegations contained in Paragraph 81 of the Amended Complaint are a conclusion of law to which no response is required.

82. The allegations contained in Paragraph 82 are a conclusion of law to which no response is required.

83. The allegations contained in Paragraph 83 are a conclusion of law to which no response is required.

84. Admitted.

85. Denied.

86. Denied.

87. Denied.

88. Denied.

89. Denied.

90. Denied.

91. Denied.

## COUNT FOUR

92. Defendant incorporates its responses to Paragraphs 1 – 91 as if they were pled herein.

93. The first sentence of the allegations contained in Paragraph 93 are a conclusion of law to which no response is required. The remaining allegations in Paragraph 93 are admitted.

94. Admitted.

95. Admitted.

96. The allegations contained in Paragraph 96 are a conclusion of law to which no response is required.

97. The allegations contained in Paragraph 97 are a conclusion of law to which no response is required.

98. The allegations contained in Paragraph 98 are a conclusion of law to which no response is required.

99. Admitted that Defendant Mount Zion had the ability to hire and fire, supervise work schedules and conditions of employment, and determine the rates and method of payment with respect to Plaintiff. The last sentence of Paragraph 99 is a conclusion of law to which no response is required.

100. Admitted

101. Admitted.

102. Admitted as to Defendant Mount Zion.

103. The allegations contained in Paragraph 103 are a conclusion of law to which no response is required.

104. The allegations contained in Paragraph 104 are a conclusion of law to which no response is required.

105. Admitted.

106. Admitted.

107. Denied.

108. Denied.

109. Denied.

110. Denied

111. Denied

112. Denied

## COUNT FIVE

113. Defendant incorporates is responses to Paragraphs 1 – 112 as if they were pled

9

herein.

114. The allegations contained in Paragraph 114 are a statement of law to which no response is required.

115. Denied.

116. Denied.

117. Denied.

## **COUNT SIX**

118. Defendant incorporates its responses to Paragraphs 1 – 117 as if they were pled herein.

119. Denied.

120. Denied.

121. Denied.

122. Denied.

123. Denied.

124. Denied.

## **COUNT SEVEN**

125. Defendant incorporates its responses to Paragraphs 1 – 124 as if they were pled herein.

126. Denied.

127. Denied.

128. Denied.

129. Denied.

130. Denied.

131. Any allegation not specifically or expressly admitted herein is now denied.

132. Defendant denies that Plaintiff is entitled to any of the relief prayed for her in Amended Complaint.

## **AFFIRMATIVE AND OTHER DEFENSES**

1. The Amended Complaint, in whole or in part, fails to state a claim upon which relief can be granted.

2. The Amended Complaint, in whole or in part, is barred by the applicable statute of limitations.

3. To the extent that Plaintiff's claims are barred in whole or in part by the doctrines of unclean hands and/or waiver, Plaintiff is barred from pursuing such claims.

4. Plaintiff is estopped by her own acts, conduct, or omissions from asserting some or all of her claims.

5. To the extent any intentional acts occurred, the occurrence of which Defendant denies, those acts occurred wholly and entirely outside the scope or course of the actor's employment with Defendant, were not authorized or sanctioned by Defendant, and Defendant, therefore, is not liable to Plaintiff for such acts.

6. Defendant asserts the affirmative defenses of res judicata, collateral estoppel, judicial estoppel, and a waiver as the defenses may be developed during the course of this litigation.

7. Even assuming that Defendant's actions concerning Plaintiff's employment were partially influenced by some unlawful motive, though they were not, Defendant nonetheless would have taken the same employment actions with respect to Plaintiff even in the absence of such unlawful motive.

8. All of Defendant's actions with respect to Plaintiff and her employment were taken in good

faith and without malice or reckless indifference to Plaintiff's rights or the law, thereby precluding any and all claims for liquidated damages. Plaintiff is also not entitled to recover liquidated damages because she has failed to plead fact sufficient to support any bad faith allegation, and such damages are either not recoverable or are limited in amount.

9. Plaintiff was not improperly denied any available leave.
10. Defendant did not interfere with Plaintiff's right to take any available leave.
11. Defendant's decisions concerning Plaintiff's employment were based on legitimate non-discriminatory business reasons.
12. Assuming, *arguendo*, any unlawful acts occurred, though they did not, Defendant is not liable for liquidated damages, if any, because any unlawful employment decisions were contrary to their good faith efforts to comply with the law.
13. Although Defendant denies Plaintiff is entitled to any relief, Plaintiff has failed to take reasonable steps to minimize or mitigate her alleged damages and may not recover any damages she could have avoided. To the extent Plaintiff has mitigated her alleged damages, she may not recover for any alleged damages he has mitigated.
14. Even assuming that Defendant's actions concerning Plaintiff's employment were partially influenced by some unlawful motive, though they were not, Defendant nonetheless would have taken the same employment actions with respect to Plaintiff even in the absence of such unlawful motive.
15. Plaintiff's damages are barred in whole or in part by the doctrines of after-acquired evidence or unclean hands. To the extent Defendant acquires evidence about Plaintiff that would have disqualified Plaintiff from being hired or would have resulted in her termination if Defendant had known, Plaintiff is not entitled to damages and/or equitable

relief based upon this after-acquired evidence should she prevail.

16. None of Defendant's actions were taken with malice or reckless indifference to Plaintiff's civil rights, thereby precluding any and all claims for punitive damages. Plaintiff is also not entitled to recover punitive damages because he has failed to plead facts sufficient to support allegations of malice or reckless indifference, and such damages are either not recoverable or are limited in amount.

17. Defendant's decisions concerning Plaintiff's employment were based upon legitimate non-discriminatory business reasons, completely unrelated to Plaintiff's association with anyone with any protected characteristics and/or the exercise of any protected rights, if any.

18. Throughout Plaintiff's employment, Defendant has made a good faith effort through its adoption of anti-discrimination policies, and education of its personnel, to comply with employment discrimination and equal pay laws.

19. No enforceable contract for services existed between the parties.

20. Plaintiff has failed to produce or plead an enforceable contract between the parties.

21. At all times relevant, Plaintiff was and is an at-will employee of Defendant.

22. Plaintiff's position with Defendant was properly classified as exempt.

23. Plaintiff was properly paid for all wages earned at all times during her employment with Defendant.

24. Although Defendant generally and specifically denies it owes any amount to Plaintiff, if it should be determined that any amounts are owed, at all times good-faith disputes existed as to whether any such amounts were owed.

25. Defendant at all times acted in good faith and in conformity with and in reliance on written administrative regulations, orders, rulings, approvals, and/or interpretations of the

13

Case 3:22-cv-00965 Document 29 Filed 06/02/23 Page 13 of 15 PageID #: 235

Administrator of the Wage and Hour Division of the Department of Labor of the United States and/or other government agencies, and/or the administrative practices of enforcement policies of other government agencies.

26. Plaintiff has failed to state a claim for liquidated and/or punitive damages.

27. Plaintiff is precluded from recovering any amounts from Defendant where Defendant has paid all sums legally due under the FLSA.

28. Plaintiff, by her own actions or omissions has waived and/or is otherwise estopped from asserting the claims against Defendant because, among other reasons, she was properly paid for all hours worked, did not request payment for unpaid wages, until this lawsuit, and she further ratified or failed to mitigate any damages associated with the nonpayment of wages, by confirming the accuracy of any sums received.

## **RESERVATION OF RIGHTS**

Defendant reserves the right to modify and supplement its defenses and to plead additional defenses to Plaintiff's claims based upon such facts and circumstances as become known to it subsequent to the date hereof.

WHEREFORE, having fully answered the Amended Complaint, Defendant respectfully requests that the Amended Complaint be dismissed with prejudice, that it be awarded costs, including attorneys' fees, in the amount and manner permitted by applicable law, along with such other and further relief as the Court may deem just and proper.

s/ *Paige M. Lyle*
Mark E. Stamelos (TN 021021)
Paige M. Lyle (TN 032959)
FORDHARRISON LLP
150 Third Ave South, Suite 2010
Nashville, Tennessee 37201

Telephone: (615) 574-6700
Facsimile: (615) 574-6701
mstamelos@fordharrison.com
plyle@fordharrison.com

*Counsel for Defendant*

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing has been served via the Court's CM/ECF system this the 2nd day of June 2023, upon:

Christopher C. Sabis
Sherrard Roe Voigt & Harbison, PLC
150 Third Avenue South
Suite 1100
Nashville, TN 37201
(615) 736-2143
Fax: (615) 736-5323
csabis@srvhlaw.com

William D. Harris II
Harris Legal Advisors LLC
605 N. High Street
Suite 146
Columbus, OH 43215
(614) 504-3350
will@harrislegaladvisors.com

*Counsel for Plaintiff*

s/ *Paige M. Lyle*