# UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF TENNESSEE
# NASHVILLE DIVISION

| | |
|---|---|
| KIARA MOORE, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> MOUNT ZION BAPTIST CHURCH, ) <br> JOSEPH W. WALKER, III, and ) <br> STEPHAINE WALKER, ) <br> ) <br> Defendants. ) | Case No. 3:22-cv-00965 <br> Judge Trauger |

## DECLARATION OF JERRY E. MARTIN IN SUPPORT OF PLAINTIFF'S MOTION FOR ATTORNEYS' FEES AND REIMBURSEMENT OF EXPENSES

I, Jerry E. Martin, declare as follows:

1. I am over the age of 18 years old, and I am otherwise competent to make this Declaration.

2. I am an attorney licensed by the Tennessee Bar and the managing partner at Barrett, Johnston, Martin, & Garrison, PLLC ("BJMG"), at 200 31st Ave N, Nashville, Tennessee 37203. From 2010 until 2013, I served as the Presidentially-appointed United States Attorney for the Middle District of Tennessee. Since leaving that position, I have been a partner at BJMG, where I focus primarily on complex civil litigation including collective action wage and hour litigation, False Claims Act litigation, securities class actions, and civil rights litigation.

3. I have been asked by the law firm of Sherrard Roe Voigt & Harbison, PLC ("SRVH") to state my opinion on whether the time expended, and rates charged, by Plaintiff's Counsel are reasonable.

4. I have reviewed the billing records of Harris Legal Advisors LLC through November 1, 2023, as well as the billing records of Christopher C. Sabis of SRVH through the same date.

5. In addition to these billing records, I have reviewed the following materials from this litigation: the operative complaint; the Court's September 18, 2023 discovery order, and communications between Plaintiff's and Defendants' Counsel concerning discovery.

6. I am providing this Declaration as a professional courtesy and have not charged for my time associated with its preparation.

7. I submit this Declaration in Support of Plaintiff's Motion for Attorneys' Fees and Reimbursement of Expenses.

## I. Resolution of the Case

8. It is my understanding Plaintiff originally was a salaried employee, before Defendants demoted her to a part-time hourly position, effectively cutting her annual earnings in half. Based on review of the record, Plaintiff's Counsel were able to settle this case within less than a year of filing the initial complaint.

9. Based on my experience, to resolve this case so efficiently required perseverance and significant effort by Plaintiff's Counsel. Claims such as Plaintiff's are risky to take on contingency and require a significant level of skill and investment of time to properly litigate. I understand that, while this case was resolved in a relatively short amount of time, Plaintiff's Counsel were required to deftly navigate a difficult course of discovery and negotiation against Defendants with significant resources and influence. From my experience, Plaintiff's Counsel's ability to resolve this case in such a short period of time under these circumstances is extraordinary.

## II. Background and Experience of the Attorneys Representing Plaintiff

10. It is my understanding that William D. Harris is the Managing Member of Harris Legal Advisors LLC and has over 18 years of experience representing plaintiffs in private practice, having prosecuted hundreds of single-plaintiff employment matters, all on a contingency basis.

11. It is my understanding that Ryan Wagenleitner has a combined 18 years of professional experience, including 7 years of tax consulting experience with a Big-4 accounting firm and 5 years of experience working in corporate finance for a Fortune 500 company in addition to his legal experience. I understand that Mr. Wagenleitner's legal experience encompasses consumer class actions, data privacy class actions, securities fraud class actions, and shareholder derivative suits.

12. Mr. Sabis served as an Assistant United States Attorney in the Middle District of Tennessee for nearly 9 years, where he focused on civil fraud investigations, primarily in the healthcare sector, as well as representing the United States in a number of ADA investigations, for which he earned a Certificate of Commendation from the Civil Rights Division of the Department of Justice in 2012. His experience practicing in the Middle District of Tennessee and his connections within the bar make him uniquely valuable as local counsel in this type of action.

## III. Litigating the Case

13. From their respective billing records, I see that Harris Legal Advisors LLC has worked a total of 1,005 hours through October 31, 2023, and SRVH has worked a total of 100.8 hours through the same date. It is my understanding that Mr. Sabis was the primary SRVH attorney that worked on this case so as to minimize the time and expense of unnecessarily having additional lawyers participating in calls, document review, and other aspects of this litigation. Based upon the difficult posture taken by Defendants in this case during discovery and settlement negotiations, the number of hours worked by Plaintiff's Counsel in this case is reasonable.

14. It is my understanding that Defendants, from the outset, used discovery as a method of delay and obstruction. It is my understanding that Defendants' Initial Disclosures contained information Defendants knew was inaccurate, and that they failed to provide accurate contact information for a critical witness, Dr. Shameka Fairbanks, who worked in the same department with Plaintiff and who was interviewed by the EEOC during its investigation into Plaintiff's EEOC Charges. It is also my understanding that Plaintiff's Counsel requested accurate Initial Disclosures from Defendants at least 7 times and they eventually had to acquire some of this information at their own expense.

15. It is my understanding that Plaintiff's Counsel was also tasked with expending significant time performing discovery-related tasks that should have been performed by Defendants pursuant to the ESI Order in this case, including the identification of custodians and search terms to collect, cull, and filter documents responsive to Plaintiff's RFPs.

16. Additionally, it is my understanding Plaintiff's Counsel was required to review a voluminous cache of ESI, including thousands of text messages and voice memos in Plaintiff's possession, many of which were already in Defendant Walker's possession, and that Defendant Mount Zion denied for months that it was in possession of these critical records.

17. From review of communications between Plaintiff's and Defendants' Counsel, it appears that Plaintiff made nine separate requests for conferences to discuss any ESI searches and production of documents in an attempt to make discovery more efficient, but all these requests were either ignored or rebuffed.

18. It is my understanding that Plaintiff's Counsel were the driving force behind complying with the Court's scheduling order and keeping the Court apprised of the discovery conflicts between the Parties, which the Court described as "excellent advocacy," and the

4
Case 3:22-cv-00965    Document 64    Filed 11/17/23    Page 4 of 7 PageID #: 1066

submissions, which were largely the product of Plaintiff's Counsel, being "one of the best briefs the Court has received in some time." (DE 53).

19. Based on my experience, while the 96 document requests made by Plaintiff's Counsel is higher than it would be in an average case, Defendants' dilatory conduct necessitated Plaintiff's Counsels' persistence in pursuing document productions. Moreover, based upon my review of the record, Plaintiff's Counsel appears to have been the driving force in resolving these discovery disputes. In my experience, the amount of time spent by Plaintiff's Counsel facilitating discovery is reasonable and was necessary given the circumstances.

20. Additionally, it is my understanding that Defendants did not meaningfully participate in settlement negotiations until shortly before the case settled. Their half-hearted participation until that time prolonged the resolution of this action. I understand that during the EEOC phase, Defendants offered $2,000, and that Defendants would not entertain Plaintiff's demand which followed. I understand that following the EEOC's finding of probable discrimination, Defendants offered $58,000, and that after the negotiations mandated by the Court's scheduling order, Defendants actually lowered their post-EEOC offer.

21. I understand that Defendants only raised their settlement offer to $100,000 to entice Plaintiff into private mediation after Defendants were ordered to produce financial and salary records.

22. I also understand that, prior to this, Plaintiff had been willing to go to private mediation conditioned on Defendants making a counter-offer to her demand, but Defendants refused to provide a counter-offer for another two months.

23. Based on my experience, Plaintiff's Counsel properly estimated the value of Plaintiff's case in relation to the settlement offers and made the correct decision to continue

5

litigating the matter until Defendants finally made a meaningful offer to settle the case. One of the consequences of a defendant's failure to reach an early resolution in this type of matter is the accumulation of attorneys' fees by the plaintiff. Defendants could have resolved this matter much sooner, saving considerable attorneys' fees. From my experience, it appears that Defendants refusal to meaningfully participate in settlement discussions further prolonged this case and necessitated the expenditure of the hours put in by Plaintiff's Counsel.

### IV. Billing Rates

24. Based on my own personal experience litigating FLSA cases and related actions, I believe that the respective rates requested by Harris Legal Advisors and SRVH are reasonable.

25. From review of the billing records, Mr. Harris's rate is $535 per hour, Mr. Sabis's rate is $495 per hour, Ms. Mohan's rate is $475 per hour, Mr. Wagenleitner's rate is $375 per hour, Ms. Haston's rate is $315 per hour, and paralegals are billed at $150 per hour.[1] These rates are in-line with hourly rates typically approved in this district.

26. It is my understanding that Mr. Harris has reduced his hourly rate in this action by $15 per hour to be more in line with partner-level attorney hourly rates approved in this District, and that he is also foregoing other compensable time.

27. Likewise, Mr. Harris is reducing Mr. Wagenleitner's hourly rate by $25 per hour to be more in line with of-counsel and associate hourly rates in this district, and that Harris Legal Advisors LLC is voluntarily foregoing $2,600 of Mr. Wagenleitner's time. This amount does not include other time spent by Mr. Wagenleitner on this matter that was not billed.

---

[1] Mr. Sabis and Ms. Mohan had lower rates for minimal amount of time they billed on this matter in 2022. Those rates were also in-line with hourly rates typically approved in this district at that time.

28. Mr. Sabis's rate is imminently reasonable and comparatively lower than other former-AUSAs with his level of experience.

29. Based on rates that I have been awarded in FLSA actions, these rates are in-line and consistent with rates typically approved in the Middle District of Tennessee. Approval of the rates requested here is appropriate and would encourage advocacy of a similar quality in future cases.

## V. Costs Are Reasonable

30. Upon review of the bills for costs and expenses, I see that Plaintiff's Counsel are collectively requesting reimbursement for $6,720.71.

31. Based upon my experience, these costs and expenses are reasonable, and reflect common costs in litigating a matter such as filing fees, service fees, and the like.

I declare under penalty of perjury that the foregoing is true and accurate. Executed this 16th day of November, 2023, in Davidson (County), Nashville TN (City and State).

Dated: November 16, 2023

Respectfully Submitted,

Jerry E. Martin