IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| KIARA MOORE, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 3:22-cv-00965 |
| ) | Judge Aleta A. Trauger |
| MOUNT ZION BAPTIST CHURCH ) | |
| *et al.*, ) | |
| ) | |
| Defendants. ) | |

**MEMORANDUM and ORDER**

Before the court are Objections (Doc. No. 93), filed by defendants Mount Zion Baptist Church, Joseph W. Walker III, and Dr. Stephaine Walker, seeking review of the Magistrate Judge's Report and Recommendation ("R&R") (Doc. No. 90), which recommends that plaintiff Kiara Moore's Motion for Attorneys' Fees and Reimbursement of Expenses ("fee motion") (Doc. No. 61) be granted in part and that the court award total attorney fees in the (reduced) amount of $311,964.27 and costs in the (reduced) amount of $5,575.80. Moore filed a Response to the Objections. (Doc. No. 94.) For the reasons set forth herein, the Objections will be sustained in part, and the court will further reduce the fee award from the amount originally sought by the plaintiff.

I.  BACKGROUND

Moore filed this lawsuit in November 2022, asserting federal statutory claims against the defendants for violations of the Family and Medical Leave Act ("FMLA"), 29 U.S.C. § 2615(a)(1); the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq.*; and the Equal Pay Act of 1963 ("EPA"), 29 U.S.C. § 206(d); and Tennessee common law claims for breach of contract and unjust enrichment. (Doc. No. 1.) The defendants answered (Doc. No. 12), and the Magistrate Judge

entered an Initial Case Management Order ("ICMO") on February 15, 2023, setting deadlines for initial disclosures and for conducting "a minimum of two independent, substantive attempts to resolve the case" (Doc. No. 16, at 3), the second to take place no later than January 2024. The ICMO also set discovery and dispositive motion deadlines. With permission, the plaintiff filed a First Amended Complaint ("FAC," Doc. No. 28) in May 2023, adding discrimination and retaliation claims under the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12101 *et seq.*

In July 2023, the parties filed the required Joint Resolution Status Report, notifying the court that they were in the process of conducting discovery, were awaiting the Magistrate Judge's resolution of a discovery dispute, and were evaluating mediators and possible mediation dates. (Doc. No. 46.) In October 2023, the parties notified the court that they had reached a settlement resolving all of the plaintiff's claims against all of the defendants but were continuing to work on the preparation and execution of a formal settlement agreement. (Doc. No. 59.) Approximately one month later, on November 17, 2023, the plaintiff filed her fee motion, seeking attorney fees in the amount of $488,748 (later increased to a total of $492,307.50, to include work done in support of the fee motion) and costs in the amount of $6,720.71. (Doc. No. 61.) The motion is supported by a Memorandum of Law (Doc. No. 62) and the Declarations of plaintiff Kiara Moore, attorney Jerry Martin, and attorney Wade Cowan (Doc. Nos. 63, 64. 65), all attesting to the diligence of plaintiff's counsel or the reasonableness of their hourly rates and the number of hours they expended on this case. Two of the plaintiff's attorneys, William D. Harris II (with the law firm Harris Legal Advisers LLC ("HLA"), based in Columbus Ohio) and Christopher Sabis (with the local firm Sherrard Roe Voight & Harbison PLC ("SRVH")), also filed Declarations attesting to their usual billing rates and those of their associates, the reduced rates charged in this case, the trajectory of this litigation, and the necessity of the hours expended by the various attorneys and

paralegals on this matter. (Doc. Nos. 66, 67.)[1] These Declarations were accompanied by billing records and copies of miscellaneous attorney correspondence. The fees sought by the plaintiff correspond to an average rate in excess of $500 per hour for over 1,100 hours of attorney work.

The defendants filed a Response in opposition to the fee motion, characterizing the case as a "garden-variety, single Plaintiff employment discrimination case" that settled following private mediation only eight months after the initial case management conference, after document production and written discovery and the taking of only a single third-party deposition. (Doc. No. 78, at 1.) The defendants do not contest the plaintiff's entitlement to attorney fees, but they maintain that the court should reduce both the rates sought for each identified attorney and the overall number of work hours to be compensated. They maintain that attorney William Harris's requested rate of $535 per hour should be reduced to the "more typical" $350 per hour, that his associate Ryan Wagenleitner's rate should be reduced from $375 per hour to $275 per hour, and that local counsel Christopher Sabis' rate should be reduced from $495 per hour to $350 per hour. They also argue that the number of hours expended—over 1,100—is unreasonable and should be reduced. Specifically, they contend that the number of hours devoted to discovery, 365.8, should be reduced by 75%; that time spent on preparation of motions that were never filed (approximately 11.3 hours) should not be compensated at all; and that "excessive, redundant, and duplicative time" should be eliminated—including hours spent on client communications, internal communications among lawyers, legal research, the mediation, the deposition of a third-party witness, local counsel's hours, time billed by paralegals and two attorneys in SRVH's office who never entered notices of appearance and one of whom billed time for "media strategy," travel time, and clerical entries. They also argue that the twelve "lodestar" factors that guide consideration of a court's

---

[1] Sealed versions of these documents were also filed.

attorney fee award do not support the amount of the fee sought in this case, and they point out that counsel for the defendants billed their clients for roughly a third of the number of hours for which the plaintiff seeks recovery. (Doc. No. 78, at 22.) Finally, the defendants assert that the amount of costs for which the plaintiff seeks reimbursement should be reduced, because two of the categories of itemized "expenses" are not taxable as costs under 28 U.S.C. §§ 1821 and 1920 and Federal Rule of Civil Procedure 54(d)(1)—specifically travel expenses for out-of-state attorneys and *pro hac vice* fees. (Doc. No. 78, at 21.) The Response is accompanied by the Declaration of the defendants' lead counsel and exhibits including attorney correspondence and the plaintiff's initial disclosures. (Doc. No. 79 and attached exhibits.)

The plaintiff's Reply asserts that the defendants' objections to the supposedly duplicative, vague, and unnecessary billing entries are insufficiently specific, that all of the time spent on discovery was necessary and appropriate, and that the defendants generally have failed to meet their burden in challenging the fees as requested. (Doc. No. 85.)

The R&R in this matter lays out a comprehensive summary of the legal standards governing fee motions and the determination of a reasonable fee where, as here, the statutes under which suit is brought provide for the recovery of attorney fees by prevailing parties. (*See* Doc. No. 90, at 2–4.) Applying that law to the circumstances presented by this case, based on a thorough and detailed review of all of the plaintiff's supporting documentation, the R&R ultimately recommends that William Harris's rate be reduced to $450 per hour; that Ryan Wagenleitner's requested rate of $375 be accepted as reasonable; and that the court employ a "blended" rate for the two attorneys together of $407.50 per hour. The R&R recommends that Christopher Sabis' rate also be reduced to $450 per hour. It recommends lower hourly rates of $250 for SRVH attorneys Amy Mohan and Alice Haston, who did not enter an appearance in this case and for whom no

information regarding their experience was provided, "which represents the low-end of the typical range of rates in the Middle District of Tennessee for employment-type actions." (Doc. No. 90, at 10.) The R&R also recommends approving the rate of $150 per hour for paralegal Lindsay Oduor.

Turning to the number of hours, the R&R determines that plaintiff's counsel's billing records reflect redundant and excessive billing in some areas, some mathematical errors that cause concern, and the inclusion of hours for tasks that are generally not compensable in a fee award. In light of these issues—after, again, reviewing the records in their entirety, in great detail—the R&R recommends an across-the-board reduction of 30% of the hours for which a fee award is requested. Applying this reduction to the reduced hourly rates, the R&R calculates and recommends a fee award of $287,275.27 for the work performed by the HLA attorneys, which represents an award for 704.97 hours at the blended rate of $407.50 per hour; a total award for the work performed by SRVH of $24,689, for an additional 66.22 hours for the three attorneys and paralegal at the recommended rates; and costs in the amount of $5,575.80.

The defendants do not object to the recommended cost award or to the hourly rates recommended for Mohan, Haston, and Oduor, but they maintain that a larger across-the-board reduction in overall hours and further reduced hourly rates for Harris, Wagenleitner, and Sabis are warranted, as the hourly rates recommended by the Magistrate Judge still exceed the market rate for comparable work. (Doc. No. 93, at 2.) Specifically, they argue that the court should reduce the hours by 70% and approve an hourly rate of $350 per hour for attorneys Harris and Sabis, and $275 per hour for Wagenleitner. (*Id.* at 4.)

The plaintiff filed a Response, arguing that the hourly rates recommended in the R&R are consistent with market rates, that litigation of this case was substantially more complicated than

the defendants pretend, and that further across-the-board reduction of hours is not warranted. (Doc. No. 94.)

## II.     STANDARD OF REVIEW

The standard of review applicable to a party's objections to a magistrate judge's ruling depends upon whether the objections pertain to a dispositive or non-dispositive matter. "While a motion for attorney fees is, by its ordinary meaning, 'nondispositive,'" *Diamond Consortium, Inc. v. Hammervold*, 386 F. Supp. 3d 904, 911 (M.D. Tenn. 2019) (citation omitted), Federal Rule of Civil Procedure 54(d)(2)(D) provides that "the court may . . . refer a motion for attorney's fees to a magistrate judge under Rule 72(b) as if it were a dispositive pretrial matter." The Sixth Circuit also recognizes that attorney fee motions are "dispositive of a claim." *Massey v. City of Ferndale*, 7 F.3d 506, 510 (6th Cir. 1993).

When a magistrate judge issues a report and recommendation on a dispositive issue, any party may, within fourteen days after service thereof, "serve and file specific written objections to the proposed findings and recommendations." Fed. R. Civ. P. 72(b)(2). The district court must review *de novo* any portion of the report and recommendation to which objections are "properly" lodged. Fed. R. Civ. P. 72(b)(3); 28 U.S.C. § 636(b)(1)(B) & (C). An objection is "properly" made if it is sufficiently specific to "enable[ ] the district judge to focus attention on those issues—factual and legal—that are at the heart of the parties' dispute." *Thomas v. Arn*, 474 U.S. 140, 147 (1985). "The filing of vague, general, or conclusory objections does not meet the requirement of specific objections and is tantamount to a complete failure to object." *Holloway v. Palmer*, No. 16-2450, 2017 WL 4844457, at *2 (6th Cir. Apr. 5, 2017); *see also Special Learning, Inc. v. Step by Step Acad., Inc.*, 751 F. App'x 816, 819 (6th Cir. 2018). In conducting its review, the district court "may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions." Fed. R. Civ. P. 72(b)(3).

## III. DISCUSSION

All of the federal statutes under which the plaintiff brought suit allow for the recovery of a "reasonable" attorney fee for a prevailing plaintiff. *See* 29 U.S.C. § 216(b) (FLSA and EPA); 29 U.S.C. § 2617(a)(3) (FMLA); 42 U.S.C. § 12205 (ADA). These statutes do not "discuss what constitutes a reasonable fee," as a result of which the amount of the award is largely discretionary with the judge, though the exercise of that discretion is to be guided by "myriad factors . . . examined in light of the congressional policy underlying the substantive portions of the statute[s] providing for the award of fees." *Fegley v. Higgins*, 19 F.3d 1126, 1134 (6th Cir. 1994) (citation omitted); *see also Rembert v. A Plus Home Health Care Agency LLC*, 986 F.3d 613, 616 (6th Cir. 2021).

A court called upon to award a reasonable fee must first calculate the "lodestar" amount, *Rembert*, 986 F.3d at 616, by "identify[ing] a reasonable hourly rate and determin[ing] the hours reasonably expended on the litigation" to reach a "reasonably objective 'initial estimate of the value of the lawyer's services.'" *U. Slate, Tile & Composition Roofers, Damp & Waterproof Workers Ass'n, Local 307 v. G & M Roofing & Sheet Metal Co.*, 732 F.2d 495, 503 (6th Cir. 1984) (quoting *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983)). Once the lodestar amount is calculated, the court must then "measure that amount against several factors," including the results obtained by the litigant. *Id.*

The factors the district court may consider, "either in determining the basic lodestar fee and/or adjustments thereto," include the following:

> (1) the time and labor required by a given case; (2) the novelty and difficulty of the questions presented; (3) the skill needed to perform the legal service properly; (4) the preclusion of employment by the attorney due to acceptance of the case; (5) the customary fee; (6) whether the fee is fixed or contingent; (7) time limitations imposed by the client or the circumstances; (8) the amount involved and the results obtained; (9) the experience, reputation, and ability of the attorneys; (10) the

'undesirability' of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases.

*Adcock-Ladd v. Sec'y of Treasury*, 227 F.3d 343, 349 n.8 (6th Cir. 2000) (quoting *Reed v. Rhodes*, 179 F.3d 453, 472 n.3 (6th Cir. 1999). In the majority of cases, the lodestar calculation of the reasonable number of hours expended in a case will already reflect consideration of these factors. *See Gonter v. Hunt Valve Co.*, 510 F.3d 610, 621 (6th Cir. 2007) (considering request for enhancement of the lodestar amount).

In reviewing a request for fees, the court must "provide a concise but clear explanation of its reasons for the award. The district court should state with some particularity which of the claimed hours the court is rejecting, which it is accepting, and why." *Smith v. Serv. Master Corp.*, 592 F. App'x 363, 366 (6th Cir. 2014) (quoting *U.S. Structures, Inc. v. J.P. Structures, Inc.*, 130 F.3d 1185, 1193 (6th Cir. 1997)); *see also Rembert*, 986 F.3d at 616.

Although the degree of success achieved remains the most important factor to consider, the Sixth Circuit has cautioned that, in light of the purpose of the FLSA and similar fee provisions—"to insure effective access to the judicial process by providing attorney fees for prevailing plaintiffs with wage and hour grievances," *U. Slate*, 732 F.2d at 502—courts "should not place an undue emphasis on the amount of the plaintiff's recovery because an award of attorney fees here 'encourage[s] the vindication of congressionally identified policies and rights.'" *Fegley*, 19 F.3d at 1134–35 (quoting *U. Slate*, 732 F.2d at 503). Thus, a substantial fee award may be warranted, even where a prevailing plaintiff is awarded "only nominal damages." *Id.* at 1135 (citation omitted). In addition, the court may adjust the hourly rate upward in contingency-fee cases, "to account for the risk of non-payment inherent in a contingency fee arrangement." *Hamlin v. Charter Twp. of Flint*, 165 F.3d 426, 438 (6th Cir. 1999).

### A. Reasonable Hourly Rates

In this Circuit, the court, "in calculating the reasonable hourly rate component of the lodestar computation, should initially assess the prevailing market rate in the relevant community." *Smith v. Serv. Master Corp.*, 592 F. App'x 363, 369 (6th Cir. 2014) (quoting *Adcock–Ladd*, 227 F.3d at 350). In determining whether the requested hourly rates are reasonable, the court should "use as a guideline the prevailing market rate, defined as the rate that lawyers of comparable skill and experience can reasonably expect to command within the venue of the court of record." *Geier v. Sundquist*, 372 F.3d 784, 791 (6th Cir. 2004). "A district court is permitted to 'rely on a party's submissions, awards in analogous cases, state bar association guidelines, and its own knowledge and experience in handling similar fee requests.'" *Waldo v. Consumers Energy Co.*, 726 F.3d 802, 821–22 (6th Cir. 2013) (quoting *Van Horn v. Nationwide Prop. & Cas. Ins. Co.*, 436 F. App'x 496, 499 (6th Cir. 2011)).

Because neither party objects to them and because they are reasonable, the court accepts without discussion the Magistrate Judge's recommendation that the fee award be based in part on hourly rates for SRVH attorneys Amy Mohan and Alice Haston of $250 and an hourly rate of $150 for paralegal Lindsay Oduor.

Further, in light of the parties' submission, the court's own knowledge and experience in handling similar fee requests, and awards in analogous cases, the court finds that rates of $450 per hour for William Harris and Christopher Sabis and $375 per hour for Ryan Wagenleitner are reasonable and fall well within the market rate for comparable work by comparably experienced attorneys in this district. *Accord, e.g.*, *Blankenship v. Metro. Gov't*, No. 3:19-cv-00146, 2023 WL 5988577, at *3 (M.D. Tenn. Sept. 14, 2023) (Richardson, J.) (finding in an ADA case that plaintiff's counsel "adequately established that the market rate in this locale for their services is $550"); *McGruder v. Metro. Gov't*, No. 3:17-cv-01547, 2022 WL 2975298, at *2 (M.D. Tenn.

July 27, 2022) (Campbell, J.) (in an employment discrimination case, finding, "based on its experience in this district and its familiarity with prevailing practices, as well as having considered and ruled on numerous other attorney's fees motions, agree[ing] that $500 is within the realm of what is ordinary and reasonable for experienced litigation counsel in this district"); *Lowe v. Calsonickansei N. Am., Inc.*, No. 1:18-cv-00027, 2022 WL 1680653, at *2 (M.D. Tenn. May 25, 2022) (Campbell, J.) (finding reasonable in an ADA case the attorneys' requested rates of $450 per hour for experienced lead counsel and $300–$375 for associate attorneys). On *de novo* review, the court adopts these rates, and the defendants' objections based on the reasonable hourly rate recommended in the R&R will be overruled.

### B. Reasonable Number of Hours Expended

The plaintiff seeks an attorney fee award compensating her attorneys for over 1,100 hours of attorney work, collectively, in a case that was resolved eight months after it was initiated. During that eight months, the parties engaged in written discovery, including extensive discovery of electronically stored information, and involved the court in a discovery dispute concerning several distinct issues raised by both parties. They took a single third-party deposition, and they engaged in a one-day mediation that was attended by all three attorneys. They did not file or respond to a single dispositive motion, and they did not prepare for or conduct a trial. Under these circumstances, under any standard, the court finds that 1,100 hours is an astoundingly unreasonable number of hours to have expended on this case, no matter how complicated the discovery and the discovery dispute may have been.

In *McGruder*, referenced above, the court affirmed a total fee award of $287,700, compensating the attorneys for 575.4 hours, which the court specifically found to be reasonable. *McGruder*, 2022 WL 2975298, at *2. In that case, however, the docket reflects that plaintiff's counsel was called upon to respond to a motion for summary judgment, file a motion to alter or

amend judgment after that motion was granted, and conduct a five-day jury trial. Similarly, in *Lowe*, the court awarded fees based on 569 total attorney and paralegal hours, for a total fee award of $237,420. *Lowe*, 2022 WL 1680653, at *2. Although the court reached that number after deducting several hours spent by paralegals on non-compensable clerical tasks, the court declined to "shave additional hours off the total," finding it reasonable. But that case, too, involved the resolution of motions for summary judgment filed by both parties, the taking of numerous depositions, and a four-day jury trial. Finally, the court awarded $257,940 in fees in *Blankenship*, compensating the attorneys for 471.4 hours of work, after deducting 4.35 hours as expended on a motion that was "far from necessary to prosecuting this case and was successful only to a limited extent." *Blankenship*, 2023 WL 5988577, at *2. In that case, however, as the associated docket reflects, the parties engaged in settlement attempts, took at least three depositions, briefed a motion for summary judgment, conducted a three-day jury trial, and engaged in a substantial amount of post-judgment briefing on the availability of the equitable relief sought by the plaintiff.

In light of this precedent, as well as the generally redundant, excessive, and occasionally inaccurate billing as detailed in the R&R, the court finds that a 50% across-the-board reduction in the number of hours for which fees may be awarded is required. The court appreciates the hard work performed by the plaintiff's attorneys and the successful result achieved, and the court does not doubt that the attorneys actually devoted the hours they billed to the preparation of this case. The court nonetheless finds that the total number of hours is unreasonable and involved an unacceptable amount of duplicative or unnecessary work. The court finds a fee award based on 550 hours to be reasonable, given that the case that did not require dispositive motions, preparing for or taking numerous depositions, or preparing for or conducting trial.

C. **Lodestar Calculation**

Applying the "blended" rate of $407.50 per hour as the hourly rate for the HLA attorneys, using the Magistrate Judge's method of calculating that rate (to which neither party objects), and a 50% reduction to the HLA attorneys' request for a fee award covering a total of 1,007.1 hours, the court will award fees to the HLA attorneys in the total amount of **$205,196.63** (1,007.1 hours x 50% x $407.50).

The plaintiff requests fees in connection with the SRVH billing professionals' hours as follows:

| Timekeeper | Hours |
|---|---|
| Christopher Sabis | 68.5 |
| Amy Mohan | 5.1 |
| Alice Haston | 1.2 |
| Lindsay Oduor | 20.8 |

The court will reduce those hours by fifty percent and award fees at the rates referenced above, as follows:

| Timekeeper | Reduced Hours | Hourly Rate | Fees |
|---|---|---|---|
| Christopher Sabis | 34.25 | $450 | $15,412.50 |
| Amy Mohan | 2.55 | $250 | $637.50 |
| Alice Haston | 0.60 | $250 | $150.00 |
| Lindsay Oduor | 10.40 | $150 | $1,560.00 |
| **Total Fees:** | | | **$17,760.00** |

IV. **CONCLUSION AND ORDER**

For the reasons set forth herein, the court **REJECTS IN PART AND ACCEPTS IN PART** the R&R (Doc. No. 90), **SUSTAINS IN PART** the defendants' Objections (Doc. No. 93) to the R&R, and **GRANTS IN PART AND DENIES IN PART** the plaintiff's Motion for Attorneys' Fees and Reimbursement of Expenses (Doc. No. 61).

The court does not review and **ACCEPTS** without discussion those parts of the R&R to which no objection has been lodged. Accordingly, the court **GRANTS** the plaintiff's fee motion insofar as it seeks reimbursement of costs and expenses, but in the reduced amount of **$5,575.80**.

The court **GRANTS** the plaintiff's fee motion insofar as it seeks an award of attorney fees, but in the reduced total amount of **$222,956.63**.

All other matters in this case having been resolved by settlement, this Order constitutes the final order in this case, for purposes of Federal Rule of Civil Procedure 58.

It is so **ORDERED**.

_____
ALETA A. TRAUGER
United States District Judge